UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD WILLIAMS, | No. 2:20-cv-0100 AC |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1 | the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2 | § 1915(b)(2).

3     II.    <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.     Complaint

Plaintiff brings suit on grounds that his rights to be free from cruel and unusual punishment and to equal protection are violated by contaminated drinking water at Mule Creek State Prison. ECF No. 1. The complaint names fourteen defendants, including the current and former governors of California; several high-ranking CDCR officials; the former warden of MCSP; various correctional and local water quality control officials; the City of Ione and County of Amador. Id. at 3-5.

The complaint alleges in sum as follows. Plaintiff is forced to consume and bathe in water that is contaminated with industrial and human waste. Id. at 6. At least 7 sewage and water pipes on the grounds of MCSP's Facility A yard are visibly leaking, and the standing water shows an oily film and smells of raw sewage. Id. at 7-9. The pipes are known to be old and corroded. The City of Ione took CDCR to court for violations of CEQA. Id. at 9. Plaintiff has suffered harm and required medical treatment because of the water. Id. at 10-11. MCSP staff have been advised not to drink the water, and signs warn visitors not to drink the water. Id. at 11. Inmates have been advised to boil water before drinking it. Id. Prison officials warned staff but not inmates of the danger, depriving inmates of equal protection. Id. at 12.

////

////

IV. <u>Failure to State a Claim</u>

A. <u>The Complaint Fails to Establish Plaintiff's Standing</u>

"[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." <u>B.C. v. Plumas Unified School District</u>, 192 F.3d 1260, 1264 (9th Cir. 1999). To have standing, a plaintiff must plead and prove that he has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the United States Constitution. See <u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. 398, 409 (2013). To demonstrate Article III standing, a plaintiff must allege: (1) injury-in-fact that is concrete and particularized, as well as actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is redressable by a favorable ruling. <u>Monsanto Co. v. Geertson Seed Farms</u>, 561 U.S. 139, 149 (2010) (citation omitted); <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

Here, plaintiff alleges only in conclusory terms that he has been injured by the contaminated water. See, ECF No. 1 at 6 ("I have suffered grievous injury…"), 10 (plaintiff complained to his family about "pains" and "injuries"), 11 ("This water has harmed plaintiff where medical had to provide medication."). These conclusory allegations of injury are not "concrete and particularized" and therefore do not confer standing. While plaintiff's distress about water quality problems is entirely understandable, it does not give him the right to sue. He must specify the nature of his injuries and state facts sufficient to show that those injuries were caused by water contamination.

B. <u>Several Named Defendants Are Immune from Suit</u>

To the extent that they are sued for damages in their official capacities, Governors Newsom and Brown enjoy the state's Eleventh Amendment immunity.[1] See <u>Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris</u>, 729 F.3d 937, 943 (9th Cir. 2013). The same is true of the CDCR defendants. Moreover, it is paradigmatic that state officials sued in their official capacities are not "persons" within the meaning of § 1983 except when sued for prospective

---

[1] Plaintiff expressly seeks money damages from these defendants. ECF No. 1 at 18. The only injunctive relief that plaintiff seeks is a governor's pardon or commutation of his sentence, <u>id.</u> at 17, which is not available as a remedy in this case.

4

injunctive relief. Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). To the extent that all defendants are also named in their personal capacities, they can be liable only for their own specific actions as the court now explains.

### C. The Complaint Does Not Identify the Persons Who Caused the Alleged Violations

Section 1983 establishes liability for those persons who cause deprivations of a plaintiff's rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). A complaint must specify how each defendant caused the alleged violations. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). No official is liable due solely to his position or rank; there is no *respondeat superior* liability under § 1983. Iqbal, 556 U.S. at 676. Supervisors may be liable for their own supervisory acts or omissions, but not for the acts of those over whom they have authority. Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011).

Here, the complaint fails to specify the actions of individually named defendants that caused the conditions of which plaintiff complains. There are no factual allegations at all regarding most of the defendants. The allegations against former MCSP Warden Lizarraga are primarily generalized assertions that he was aware of the problem and did not fix it. Without details, it is impossible for the court to determined whether plaintiff has stated a claim against him.

### D. Plaintiff Has Not Alleged Facts Stating an Eighth Amendment Claim

Conditions of confinement violate the Eighth Amendment when two requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Id. Second, the prison official must subjectively have a sufficiently culpable state of mind, one of deliberate indifference to inmate health or safety. Id. An official is not liable under the Eighth Amendment unless he knows of and "disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate

1  the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from
2  harm is not actionable under § 1983. Id. at 835-36.
3       Here plaintiff not provided facts sufficient to establish either element of an Eighth
4  Amendment claim. The specific allegations of visible water contamination and the smell of
5  sewage all involve broken pipes in the prison yard, not water coming into plaintiff's cell. Broken
6  sewage pipes are a clear sanitation problem, but they do not indicate that the water provided to
7  plaintiff for drinking and bathing is contaminated. There are no facts demonstrating the unsafety
8  of the water that is made available for drinking and bathing. The allegation that local government
9  has taken action against the prison under CEQA indicates that there may be an environmental
10 problem at MCSP, but not that plaintiff is required to drink and bathe in contaminated water. The
11 alleged advisements to staff and visitors not to drink the tap water is also insufficient without
12 more to establish a serious risk to plaintiff. The complaint does not state that inmates are denied
13 bottled drinking water, and even if the running water in cells is not good to drink, that does not
14 necessarily mean that it is unsafe to bathe in.
15      The complaint also lacks facts showing a deliberately indifferent state of mind as to any
16 defendant. As noted previously, there are no specific allegations regarding most of the
17 defendants. As to former Warden Lizarraga, his knowledge of a CEQA issue or broken sewage
18 pipes in the yard does not support an inference that he was aware the water available to inmates
19 posed an excessive risk to health and safety. The complaint does not allege that Lizarraga failed
20 to take reasonable abatement measures such as providing bottled water.
21      For all these reasons, the complaint fails to state an Eighth Amendment claim. More facts
22 are needed.
23      E.  Plaintiff Has Not Alleged Facts Stating an Equal Protection Claim
24      The Equal Protection Clause broadly requires the government to treat similarly situated
25 people equally. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013).
26 To state a claim, a plaintiff must typically allege that defendants acted with an intent or purpose
27 to discriminate against him based upon membership in a protected class, such as a particular race
28

or religion.  See Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013).[2]  Inmates are not a protected class for equal protection purposes, nor are they similarly situated to prison staff and employees.  Accordingly, this claim fails as a matter of law.

Because prison officials have an independent Eighth Amendment obligation to ensure safe and sanitary conditions for inmates, the theory of disparate treatment for inmates as compared to staff adds nothing to plaintiff's potential recovery in any event.  In other words, this claim appears to be superfluous.

V.      Leave to Amend

Plaintiff will be provided the opportunity to amend the complaint.  If he chooses to file a first amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

---

[2] Where the governmental classification does not involve a suspect or protected class, the classification satisfies equal protection if it has a rational relationship to a legitimate governmental purpose.  See Nurre v. Whitehead, 580 F.3d 1087, 1098 (9th Cir. 2009).

complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. In order to bring a lawsuit about water quality at Mule Creek, you must first provide specific facts showing that you were harmed by contaminated water. It is not enough to say, "I was injured." You must describe the nature of your injuries and show they were caused by the water. Then to show a violation of the Eighth Amendment, you must provide specific facts showing (1) that the water provided for drinking and bathing posed an excessive risk to inmate health and safety, and (2) that particular defendants knew of that excessive risk and deliberately failed to take action to protect inmate health and safety. You should only name as defendants the individuals who acted with deliberate indifference and thus caused your injuries, and you must state concrete facts showing deliberate indifference as to each person you name.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 9, 2021

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE